NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PLYMOUTH COUNTY CONTRIBUTORY RETIREMENT SYSTEM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRED HASSAN, et al.,<br><br>　　　　　Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 08-1022 (DMC)(JAD) |

**DENNIS M. CAVANAUGH, U.S.D.J.**

　　　　This matter comes before the Court upon the Motions of Plaintiff Plymouth County Contributory Retirement System ("Plaintiff") for Final Approval of the Proposed Settlement and for an Award of Attorneys' Fees consistent with the provisions set forth in the Stipulation of Settlement. ECF No. 143. After considering the submissions of the parties, and based upon the fairness hearing conducted before this Court on February 28, 2012, it is the decision of this Court for the reasons herein expressed, that Plaintiff's Motion for Final Approval of the Settlement is **granted**, and that Plaintiff's Motion for an Award of Attorneys' Fees is **granted**.

**I.　　BACKGROUND**

　　　　This matter involves the settlement of a class action derivative suit between Plaintiff and Defendants Fred Hassan, et al. ("Defendants"). The underlying facts of this case are well known to

the parties, and need not be repeated here, except as necessary to explain the terms of the settlement agreement. A more thorough explanation of the underlying facts of this case can be found in the Declaration of Judith S. Scolnick in Support of Plaintiff's Motions ("Scolnick Decl."), ECF No. 143-5.

On December 21, 2011, Plaintiff filed a Motion for Settlement. ECF No. 136. The Settlement requires Corporate Defendant New Merck ("New Merck") to institute a corporate governance reform. Stipulation of Settlement, Ex. B. to Scolnick Decl., ECF No. 143-7. This reform is designed to prevent a recurrence of the alleged harm that occurred from the delay in release of certain clinical trial results. The reform requires annual reporting to the Research Committee of the Board of Directors by Merck Research Labs on the specific topic of delay, for any reason, of a covered clinical trial that extends beyond one year from the completion date of a clinical trial. Stipulation of Settlement ¶ 2.

Along with the Motion for Settlement, Plaintiff has a filed a Motion for an Award of Attorneys' Fees in the amount of $5,100,000.00. This amount is discussed in the Settlement, and Defendants have stipulated that they will not object to the award. Stipulation of Settlement ¶ 12.

This Court entered an Order Preliminarily Approving the Proposed Settlement and Directing the Issuance of Notice on January 10, 2012. ECF No. 141. On January 20, 2012, Defendants provided Notice to this Court of Proof of Filing of Notice and Proof of Internet Posting. ECF No. 142. Plaintiff filed the present Motion on February 21, 2012. This Court conducted a fairness hearing concerning the Motion on February 28, 2012. As of the date of the hearing, no objections were filed on the record, and no objections were made during the hearing. The matter is now before this Court.

## II. LEGAL STANDARDS

### A. Settlement Approval

Federal Rule of Civil Procedure 23(e), provides that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such a manner as the court directs." FED. R. CIV. P. 23(e). In determining whether to approve a class action settlement pursuant to Rule 23(e), "the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members." In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 785 (3d Cir.1995) (quoting Grunin v. Int'l House of Pancakes, 513 F.2d 114, 123 (8th Cir. 1975), cert. denied, 423 U.S. 864 (1975) (citation omitted)).

Before giving final approval to a proposed class action settlement, the Court must determine that the settlement is "fair, adequate, and reasonable." Lazy Oil Co. v. Witco Corp., 166 F.3d 581, 588 (3d Cir. 1999); Walsh v. Great Atl. & Pac. Tea Co., 726 F.2d 956, 965 (3d Cir. 1983). In Girsh v. Jepson, the Third Circuit identified nine factors, so-called "Girsh factors," that a district court should consider when making this determination: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. 521 F.2d 153, 157 (3d Cir.1975). "These factors are a guide and the absence of one or more does not automatically render the

settlement unfair." In re American Family Enterprises, 256 B.R. 377, 418 (D.N.J. 2000). Rather, the court must look at all the circumstances of the case and determine whether the settlement is within the range of reasonableness under Girsh. See In re Orthopedic Bone Screw Prods. Liab. Litig., 176 F.R.D. 158, 184 (E.D. Pa.1997); see also In re AT&T Corp. Secs. Litig., 455 F.3d 160 (3d Cir. 2006). In sum, the Court's assessment of whether the settlement is fair, adequate and reasonable is guided by the Girsh factors, but the Court is in no way limited to considering only those enumerated factors and is free to consider other relevant circumstances and facts involved in this settlement.

**B.      Attorneys' Fees**

The Third Circuit Court of Appeals identified several factors--the Gunter factors--that a district court should consider when evaluating a motion for an award of attorneys' fees. These factors include: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiff's counsel; and (7) the awards in similar cases. In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 301 (3d Cir. 2005) (citing Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 195 n.1 (3d Cir. 2000)).

**III.      DISCUSSION**

**A.      Approval of Settlement**

1. Complexity, Expense and Likely Duration of Litigation

This factor is concerned with assessing the "probable costs, in both time and money, of continued litigation." In re Cendant Corp. Litig., 264 F.3d 201, 234 (3d Cir. 2001). Significant delay in recovery if this case proceeds to trial favors settlement approval. See, e.g., In re Warfarin Sodium Antitrust Litig., 391 F.3d 516, 536 (3d Cir. 2004); Weiss v. Mercedes-Benz of N. Am., Inc., 899 F. Supp. 1297, 1301 (D.N.J. 1995). As asserted by Plaintiff, this case has been ongoing for four years, and class counsel have expended over 10,000 hours on the litigation. Without settlement, the parties would need to engage in extensive additional discovery, as well as the exchange of pre-trial, and potentially, trial and post-trial motions. If the case does indeed go to trial, there will necessarily be significant additional delay. Therefore, this factor favors settlement approval.

2. Reaction of the Class to Settlement

This factor requires the Court to evaluate whether the number of objectors, in proportion to the total class, indicates that the reaction of the class to the settlement is favorable. The Court also notes that the second Girsh factor is especially critical to its fairness analysis, as the reaction of the class "is perhaps the most significant factor to be weighed in considering [the settlement's] adequacy." Sala v. National R.R. Passenger Corp., 721 F. Supp. 80, 83 (E.D. Pa. 1989); Fanning v. AcroMed Corp. (In re Orthopedic Bone Screw Prods. Liab. Litig.), 176 F.R.D. 158, 185 (E.D. Pa. 1997) (stating that a "relatively low objection rate militates strongly in favor of approval of the settlement" (internal citations omitted)). Further, silence constitutes tacit consent to the agreement. Pursuant to this Court's Order granting preliminary approval of the Settlement, any objections from New Merck's shareholders was required to be received by the Court by February 8, 2012. No such

objections have been filed, and none were made at the fairness hearing. This militates strongly in favor of a finding that the Settlement is fair and reasonable, and is entitled to nearly dispositive weight. New England Carpenters Health Benefits Fund v. First DataBank, Inc., 602 F. Supp. 2d 277, 282, 285 (D. Mass. 2009); In re Linerboard Antitrust Litig., 321 F. Supp. 2d 619 (E.D. Pa. 2004). The second Girsh factor, therefore, weighs strongly in favor of approving the Settlement.

3. Stage of the Proceedings and Amount of Discovery Completed

Pursuant to the third Girsh factor, the Court must consider the "degree of case development that Class Counsel have accomplished prior to Settlement," including the type and amount of discovery already undertaken. GMC, 55 F.3d at 813. In short, under this factor the Court considers whether the of amount of discovery completed in the case has permitted "counsel [to have] an adequate appreciation of the merits of the case before negotiating." In re Schering-Plough/Merck Merger Litig., No. 09-1099, 2010 U.S. Dist. LEXIS 29121 at *30 (Mar. 26, 2010). The discovery analyzed encompasses both formal and "informal" discovery, including discovery from parallel proceedings, companion cases and even third parties, such as experts or witnesses. Id. Here, as Plaintiff notes, the Settlement was consummated in the fourth year of litigation, after Plaintiff's Counsel reviewed more than seven million pages of documents in connection with this action. In addition, Plaintiff's Counsel has taken or attended approximately 40 depositions, consulted expert witnesses, and engaged in mediation. It is thus clear that Plaintiff's counsel have an adequate appreciation of the facts in this matter, and this factor weighs in favor of approval.

4.-5. Risks of Establishing Liability and Damages

A trial on the merits always entails considerable risk. Weiss, 899 F. Supp. at 1301. "By evaluating the risks of establishing liability, the district court can examine what the potential rewards (or downside) of litigation might have been had class counsel elected to litigate the claims rather than settle them." GMC, 55 F.3d at 814. "The inquiry requires a balancing of the likelihood of success if 'the case were taken to trial against the benefits of immediate settlement.'" In re Safety Components Int'l, 166 F. Supp. 2d 72, 89 (D.N.J. 2001). Shareholder derivative litigation is always "notably difficult and unpredictable." Zerkle v. Cleveland-Cliffs Iron Co., 52 F.R.D. 151, 159 (S.D.N.Y. 1971). In this case, although Plaintiff has engaged in substantial discovery, a Motion to Dismiss remains pending, and would surely be followed by a Motion for Summary Judgment, and potentially by the always risky prospect of a trial. Plaintiff faces significant risks in establishing liability and damages, and this factor therefore weighs in favor of approval.

6. Ability of Defendants to Maintain Class Certification

A derivative action does not present the concern of maintaining class certification in a class action, and this factor weighs neither in favor nor against approval. Unite Nat. Retirement Fund v. Watts, No. 4-3603, 2005 WL 2877899 at *4 (D.N.J. Oct. 28, 2005).

7. Ability of Defendants to Withstand a Greater Judgment

To evaluate whether the Settlement Agreement is fair to Plaintiffs, the Court must evaluate whether Defendants could withstand a judgment much greater than the amount of the settlement. In re Schering-Plough/Merck Merger Litig., 2010 U.S. Dist. LEXIS 29121 at *37. Because the settlement agreement provides relief of a non-pecuniary nature, the Court is not in a position to say

whether Defendants could withstand a greater judgment. As a result, this factor does not weigh against or in favor of approval. Unite, 2005 WL 2877899 at *4.

8.-9. Reasonableness of the Settlement Fund in Light of the Best Possible Recovery, and in Light of the Attendant Risks of Litigation

"According to Girsh, courts approving settlements should determine a range of reasonable settlements in light of the best possible recovery (the eighth Girsh factor) and a range in light of all the attendant risks of litigation (the ninth factor)." GMC, 55 F.3d at 806. "The last two Girsh factors evaluate whether the settlement represents a good value for a weak case or a poor value for a strong case." In re Schering-Plough/Merck Merger Litig., 2010 U.S. Dist. LEXIS 29121 at *38-39. The Court finds the benefit conferred by the Settlement in this case to be substantial. The Settlement represents a better option than little or no recovery at all. Thus, the reasonableness of the settlement weighs in favor of approval.

10. Summary of Factors

In sum, the Court finds that the balance of factors weigh in favor of approval of the proposed Settlement. The Court further finds that the Settlement is fair, adequate, reasonable and proper, and in the best interests of the class and the shareholders. Accordingly, the Court approves the Settlement Agreement.

B.    Attorneys' Fees

1. The Size of the Fund Created and the Number of Persons Benefitted

Unlike Gunter, this case is not a percentage of fee award case. The first factor is therefore not at issue.

2. The Presence or Absence of Objections

As discussed above, no objections have been filed in this matter. "The lack of objections to the requested attorneys' fees supports the request, especially because the settlement class includes large, sophisticated institutional investors." Smith v. Dominion Bridge Corp., No. 96-7580, 2007 WL 1101272 (E.D.Pa. April 11 2007) (citing Stoetzner v. U.S. Steel Corp., 897 F.2d 115, 118-19 (3d Cir. 1990)). This factor therefore favors the award of Plaintiff's Counsel's requested fee.

3. The Skill and Efficiency of the Attorneys Involved

The skill and efficiency of the attorneys involved is high. Class Counsel are highly skilled attorneys with substantial experience in class action litigation, as illustrated by the Declarations of Counsel accompanying their fee application. Ex. L to Scolnick Decl., ECF No. 143-18. Therefore, this factor favors an award of attorneys' fees.

4. The Complexity and the Duration of the Litigation

As discussed above, this is a significantly complex litigation that has been ongoing for four years. This factor weighs in favor of an award of attorneys' fees.

5. The Risk of Nonpayment

Plaintiff's Counsel undertook this action on a contingency fee basis, and have carried the risk

of non-payment throughout the four years of ongoing litigation. Scolnick Decl. ¶¶ 4, 35. Counsel has maintained vigor and dedication throughout this litigation, and the risk of nonpayment therefore weighs in favor of an award of attorneys' fees.

6. The Amount of Time Devoted to the Case by Plaintiff's Counsel

As discussed above, Plaintiff's Counsel has reviewed millions of pages of documents, conducted numerous depositions, and expended over 10,000 hours in the pursuit of this litigation. Courts in this Circuit confirm the reasonableness of a fee by using the lodestar calculation method when a fee award is based on percentage of recovery. In re Merck & Co., Inc. Vytorin Erisa Litigation, No. 8-285, 2010 WL 547613 at *12 (D.N.J. Feb. 09, 2010). The lodestar analysis is performed by multiplying the number of hours reasonably worked on a client's case by a reasonable hourly billing rate for such services based on the given geographical area, the nature of the services provided, and the experience of the attorneys. Id. (citations omitted). "The reasonableness of the requested fee can be assessed by calculating the lodestar multiplier, which is equal to the proposed fee award divided by the lodestar. But the lodestar multiplier need not fall within any predefined range, provided that the District Court's analysis justifies the award." Id. (citations omitted). "After a court determines the lodestar amount, it may increase or decrease that amount by applying a lodestar multiplier." Id. (citations omitted).

Plaintiff's Counsel's lodestar for this action, based on the usual billing rates of its attorneys and professionals, is $6,115,672.50. Ex. J. to Scolnick Decl., ECF No. 143-16. Plaintiff's Counsel has actually requested an award of fees in an amount less than their actual lodestar and expenses. This is presumptively reasonable, and weighs in favor of an award of attorneys' fees.

7. Awards in Similar Cases

A review of similar cases indicates that Plaintiff's Counsel's requested fee amount is reasonable. Recently settled shareholders' derivative cases highlighted in Plaintiff's moving papers have included awards in amounts of $9,200,000.00, $8,750,000, and $14,500,000.00. See Pl.'s Mot. Br. 12, ECF No. 143-2. Based on these cases, and on this Court's own experience in similar matters, the requested fee is reasonable, and this factor weighs in favor of an award.

8. Summary of Factors

In sum, the Court finds that the balance of factors weigh in favor of an award of attorneys' fees. The requested fees have not been objected to by any shareholder or by Defendants. The Court therefore approves the award.

**C. Incentive Fees**

Class counsel also seeks permission to pay incentive fees to the representative Plaintiffs, in the amount of $5,500 to Plymouth Count and $4,500 to Local 38. It is not uncommon to award such fees. See, e.g., Cullen v. Whitman Med. Corp., 197 F.R.D. 136, 145 (E.D.Pa.2000) (quoting In re S. Ohio Corr. Facility, 175 F.R.D. 270, 272 (S.D.Ohio 1997)) ("[C]ourts routinely approve incentive awards to compensate named plaintiffs for services they provided and the risks they incurred during the course of the class action litigation."). The Court grants permission to award incentive fees.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motions are **granted**.  An appropriate Order

accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | February  28 ,  2012 |
| Orig.: | Clerk |
| cc: | All Counsel of Record |
| | Hon. Joseph A. Dickson, U.S.M.J. |
| | File |