# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PLYMOUTH COUNTY
CONTRIBUTORY RETIREMENT
SYSTEM,

Plaintiff,

v.

FRED HASSAN, et al.,

Defendants.

Civil Action No. 2:08-cv-01022-DMC-JAD

Hon. Dennis M. Cavanaugh

## ~~[PROPOSED]~~ ORDER AND FINAL JUDGMENT
## APPROVING SETTLEMENT AND DISMISSING ACTION

This matter came on for hearing on *Feb. 28 2012* (the "Settlement Hearing"), upon the application of the parties for approval of the settlement in the Stipulation of Settlement dated December 21, 2011 (the "Stipulation"). Due and adequate notice of said Settlement Hearing having been given to the shareholders of Merck & Co., Inc. ("New Merck") in accordance with the Preliminary Approval Order previously entered in this matter, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     Unless otherwise stated, all capitalized terms used in this Order shall have the same definitions as used in the Stipulation.

US1:7594850v4

2.      The Court has jurisdiction over the Action and all parties to the Stipulation.

3.      The Court finds that the form and manner of the notice given to the shareholders of New Merck was given in accordance with the Preliminary Approval Order and that such notice was reasonable, constituted valid, due and sufficient notice to all New Merck shareholders, and complied fully with the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, due process, federal law, the Constitution of the United States, and any other applicable law.

4.      The Court finds that the Stipulation and settlement contained therein are fair, just, reasonable and adequate in all respects as to each of the Settling Parties, including New Merck, the nominal defendant, and is in the best interests of New Merck and its shareholders.  The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of each of the parties.  As a result, the Court hereby approves the settlement set forth in the Stipulation and directs the parties to carry out the Stipulation and settlement according to its terms.

5.      The Action and all claims raised therein are hereby dismissed with prejudice and on the merits as to New Merck and the Individual Defendants The Settling Parties shall bear their own costs, except as otherwise provided in the Stipulation.

US1:7594850v4

6.      Upon the Effective Date, the Released Parties are hereby released and forever discharged from each and every Settled Claim of the Releasing Parties.

7.      The Releasing Parties are permanently and finally enjoined from commencing or prosecuting any actions or other proceedings asserting any of the Settled Claims against any of the Released Parties.

8.      Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement or the negotiation thereof, including this Order and Final Judgment: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any liability, fault, negligence, wrongdoing, or omission by any of the Individual Defendants or other Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault, negligence, wrongdoing, or omission by any of the Individual Defendants or other Released Parties in any civil, criminal or administrative proceedings in any court, administrative agency or other tribunal; provided, however, that the Individual Defendants and other Released Parties may file the Stipulation and/or this Order and Final Judgment in (1) any action that has been or may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue

preclusion or similar defense, or (2) any action to obtain insurance or reinsurance proceeds in connection with the Settlement.

9.     Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Stipulation; and (b) all parties to the Stipulation for the purpose of construing, enforcing and administering the Stipulation.

10.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. In such event, the parties shall be restored to their respective positions as prior to the execution of the Stipulation.

11.     Plaintiff's Counsel are hereby awarded attorneys' fees and reimbursement of expenses in the sum of $ _5, 100,000_____ (the "Fee and Expense Award"). The Fee and Expense Award shall be paid to Scott + Scott LLP as receiving agent for Plaintiff's Counsel, as provided in the Stipulation.

12.     The Fee and Expense Award has been determined by the Court to be fair, reasonable, and appropriate. No other fees, costs, or expenses may be awarded to any of Plaintiff's Counsel in connection with the Settlement.

13.     Plymouth is hereby awarded an incentive fee in the amount of $ *5,500* and Local No. 38 IBEW is awarded an incentive fee in the amount of $ *4,500*, each fee to be paid from, not in addition to, the attorneys' fees awarded to Plaintiff's Counsel in accordance with the Stipulation.

14.     The Court finds that no just reason exists for delay in entering final judgment in accordance with the Stipulation.  Accordingly, the Clerk is hereby directed to enter this Order and Final Judgment forthwith.

_____

HON. DENNIS M. CAVANAUGH
UNITED STATES DISTRICT JUDGE

Dated: _____*3/9/12*_____